Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LUIS SANTANA REYES<br><br>Apelante<br><br>v.<br><br>SUCESIÓN DE CARMEN DELIA MANGUAL COLÓN, compuesta por RAMONITA, JOSÉ, ÁNGEL, SANTIAGO, TEDDY ARIEL, MANUEL RAMÓN, ÁNGEL LUIS, JOSUÉ DAVID, ROBERTO y JOSÉ MANUEL, todos de apellido RODRÍGUEZ MANGUAL<br><br>Apelados | KLAN202400864 | *Apelación* Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Sobre: Daños y Perjuicios<br><br>Caso Núm.: FCCI201600505 (Salón 408) |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Rodríguez Flores y la Jueza Cintrón Cintrón.[1]

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de agosto de 2025.

El 20 de septiembre de 2024 compareció el *Sr. Luis Santana Reyes* ("Santana Reyes o apelante") ante este Tribunal de Apelaciones para que revoquemos la *Sentencia* emitida el 1 de noviembre de 2021 y notificada el 23 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina ("TPI"). Allí, se condenó al señor Santana Reyes a pagar las sumas de $128,000.00 por conceptos de arrendamientos dejados de pagar, y $15,000.00 en concepto de honorarios de abogados por temeridad. Además, se ordenó el pago de intereses legales post-sentencia sobre la totalidad de la sentencia, incluyendo costas y honorarios de abogados.

---

[1] Panel especial conforme a la OATA-2025-019 emitida el 10 de febrero de 2025 que designa a la Hon. Sol de Borinquen Cintrón Cintrón en sustitución de la Hon. Camille Rivera Pérez.

Por los fundamentos que expondremos a continuación, se **confirma** la *Sentencia* apelada.

**-I-**

Del expediente ante nuestra consideración y los *autos originales* elevados a este Foro Apelativo surge que,[2] el **28 de noviembre de 2016** el señor Santana Reyes presentó una demanda por incumplimiento de contrato y cobro de dinero contra la Sucesión de la *Sra. Carmen Delia Mangual Colón*.[3] La sucesión está compuesta por: *Ramonita, José Ángel, Santiago, Teddy Ariel, Manuel Ramón, Ángel Luis, Josué David, Roberto y José Manuel*, todos de apellidos *Rodríguez Mangual* ("Sucn. Mangual Colón o apelados").

El **30 de agosto de 2017** ponchado el **12 de septiembre de 2017**, la Sucn. Mangual Colón contestó la demanda y sometió una reconvención.[4]

En respuesta a la reconvención, el **10 de enero de 2018** el señor Santana Reyes negó todas las alegaciones.[5]

Así, la *Conferencia con Antelación a Juicio* fue celebrada el **28 de noviembre de 2018**.[6] Allí, compareció el Lcdo. *Erick E. Kolthoff Benners* (QEPD) ("Lcdo. Kolthoff Benners"),[7] en representación del señor Santana Reyes y la *Lcda. Magdalys Rodríguez Rivera* ("Lcda. Rodríguez Rivera") en representación de la Sucn. Mangual Colón. En la conferencia, el Lcdo. Kolthoff Benners informó que no había podido comunicarse con el apelante desde hacía meses, dado que se encontraba confinado en una institución correccional en los Estados Unidos. Por lo cual, solicitó la concesión de un término de quince

---

[2] Regla 77 inciso (B) & inciso (D)(2) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 107, 215 DPR __ (2025).
Debemos señalar que examinamos y tomamos conocimiento de los autos originales incluso hacemos referencia a varias instancias del expediente del TPI, dado que las parte no sometieron dichos documentos a nuestra consideración.
[3] Anejos de la *Apelación Civil*, págs. 21 – 22.
[4] Anejos de la *Apelación Civil*, págs. 25 – 28.
[5] Anejos de la *Apelación Civil*, pág. 33.
[6] Anejos de la *Apelación Civil*, pág. 36.
[7] Tomamos conocimiento del fallecimiento del *Lcdo. Erick E. Kolthoff Benners*. Que descanse en paz.

(15) días para llevar a cabo las gestiones de contactar a su cliente, y de resultar infructuosas, solicitaría la renuncia a la representación legal. En virtud de ello, el TPI le concedió un término de quince (15) días al Lcdo. Kolthoff Benners para esa gestión.[8]

El **3 de abril de 2019** y ponchada el **11 de abril de 2019**, la Sucn. Mangual Colón presentó: *Moción en Solicitud de Seguimiento.*[9] En síntesis, solicitaron la anotación de rebeldía al señor Santana Reyes, puesto que la representante legal de este no había cumplido con informar el resultado de sus gestiones. Añadieron que se había presentado una reconvención, la cual estaba pendiente de ser considerada por el TPI.

El **3 de mayo de 2019**,[10] el TPI emitió dos (2) órdenes. En la primera orden le anotó la rebeldía al señor Santana Reyes. En lo pertinente resolvió lo siguiente:

> "*[A]tendida la moción, sin oposición de la parte contraría dentro del término concedido en la Regla 8.4 de las de Procedimiento Civil, <u>se declara con lugar</u>. Se anota la rebeldía a la parte demandante. <u>Vea otra orden de este día.</u>*".[11]

En cuanto a la segunda, ordenó al señor Santana Reyes a mostrar causa por la cual no debería archivar sin perjuicio su demanda. En lo pertinente esbozó:

> *Examinadas las disposiciones de la Regla 39.2 (b) de las Reglas de Procedimiento Civil de 1979, y apareciendo de los autos de este caso que en el presente no se ha efectuado tramite alguno en los últimos seis (6) meses, por la presente se le requiere la parte demandante para que dentro del término de diez (10) días, contados a partir de la fecha de notificación de esta orden, exponga por escrito las razones por las cuales no deba desestimarse este caso, decretándose su archivo.*[12]

Sin que el señor Santana Reyes respondiera a la orden de mostrar causa, el TPI dictó una *Sentencia* el **28 de junio de 2019**,

---

[8] *Íd.*
[9] Anejos de la *Apelación Civil*, pág. 37.
[10] Notificada el 7 de mayo de 2019.; Anejos de la *Apelación Civil*, págs. 38 – 40.
[11] Anejos de la *Apelación Civil*, pág. 39. Énfasis nuestro.
[12] Emitida el 3 de mayo de 2019 y notificada el 7 de mayo de 2019.; Anejos de la *Apelación Civil*, pág. 40.

la cual fue notificó ese mismo día y desestimó la demanda de epígrafe en su totalidad.[13] En lo pertinente, resolvió:

> *En este caso no se ha efectuado trámite alguno durante los últimos seis (6) meses. Este Tribunal notificó a todas las partes una orden para que dentro del término de diez (10) días expusieran razones, si algunas tuvieran, por la cuales no debería desestimarse el presente caso por inactividad. Ello, por no haberse realizado trámite alguno por la parte demandante durante los últimos seis (6) meses. Dicho término ha transcurrido y la parte demandante no ha cumplido con dicha orden y no ha expuesto razones que justifiquen la inactividad en este pleito.*
> *A tenor con las disposiciones de la Regla 39.2 (b) de las de Procedimiento Civil de 1979, este Tribunal desestima el caso epígrafe, sin perjuicio, por no haberse efectuado tramite alguno durante los últimos seis (6) meses.*

El **9 de julio de 2019**, la Sucn. Mangual Colón presentó una *Moción en Solicitud de Reconsideración*.[14] En resumen, adujeron que el abandono del caso solo podía atribuirse al señor Santana Reyes y no a la parte reconvencionista.

El TPI precedió a dictar una *Sentencia Parcial* el **22 de julio de 2019**, la cual fue notificó el **25 de julio de 2019**,[15] y desestimó la demanda contra el señor Santana Reyes. En lo pertinente, determinó:

> *En este caso no se ha efectuado trámite alguno durante los últimos seis (6) meses. Este Tribunal notificó a todas las partes una orden para que dentro del término de diez (10) días expusieran razones, si algunas tuvieran, por la cuales no debería desestimarse el presente caso por inactividad. Ello, por no haberse realizado trámite alguno por la parte demandante durante los últimos seis (6) meses. Dicho término ha transcurrido y la parte demandante no ha cumplido con dicha orden y no ha expuesto razones que justifiquen la inactividad en este pleito.*
> *<u>Es por ello, que se dicta Sentencia Parcial en la que se desestima la causa de acción de la demandante y se continúa la reconvención presentada por la demandada contra ésta. Se ordena citar para juicio en rebeldía contra la demandante-reconvenida para el 9 de octubre de 2019 a las 9:00am.</u>*
> *El Tribunal determina expresamente que no existe razón para posponer el que se dicte la presente sentencia parcial sobre tal parte hasta la resolución total y final de este pleito. Se ordena se registre y notifique la misma, a tenor con lo provisto en la Regla 42.3 de Procedimiento Civil.*
> ***Se deja sin efecto la Sentencia dictada el 28 de junio de 2019.***
> [...].[16]

---

[13] Véase, el Expediente Original al primer tomo.
[14] Véase, el Expediente Original al primer tomo.
[15] Anejos de la *Apelación Civil*, págs. 41 – 42.
[16] Anejos de la *Apelación Civil*, pág. 42. Énfasis nuestro.

El **7 de agosto de 2019**, el Lcdo. Kolthoff Benners presentó la renuncia a la representación legal del señor Santana Reyes, ya que había perdido todo contacto con este y su familia.[17] Proveyó la última dirección conocida de su representado, a saber: *#36600-069-Federal Correctional Institution, P.O. Box 725 Edgefied, S.C. 29824.*[18] Dicha solicitud fue acogida el **15 de agosto de 2019**.[19]

Así las cosas, el **2 de octubre de 2019** el Lcdo. Kolthoff Benners compareció **nuevamente** mediante: *Moción Asumiendo Representación Legal y Solicitando se Deje sin Efecto Sentencia Dictada.*[20] En resumen, informó que logró comunicación con el señor Santana Reyes —desde la cárcel federal— y adujo que la pérdida de contacto no se debió a la negligencia o falta de interés de su cliente. También, adujo que el apelante contestó los interrogatorios que los apelados le requirieron. Por lo cual, solicitó que se aceptara los interrogatorios y dejara sin efecto la sentencia dictada. Acompañó una declaración jurada suscrita por el apelante con fecha del 11 de septiembre de 2019, en la cual, manifestó que su dirección era: *"P.O. Box 3000 Whited Deer, PA 17887".*[21]

En cumplimiento de orden,[22] el **14 de noviembre de 2019** la Sucn. Mangual Colón presentó su oposición.[23] En síntesis, señaló que el señor Santana Reyes desapareció del caso luego que se le cursó el pliego de interrogatorio y una solicitud de documentos, sin haber contestado los mismos. Añadió que el apelante le impidió cobrar una indemnización por expropiación ante la demanda instada y sus retrasos.

---

[17] Apéndice #5 del *Alegato en Oposición a la Apelación*, pág. 6.
[18] *Íd.*
[19] Notificada el 19 de agosto de 2019.
[20] Anejos de la *Apelación Civil*, págs. 49 – 50.
[21] Anejos de la *Apelación Civil*, pág. 46.
[22] Mediante *Orden* emitida y notificada el **7 de octubre de 2019**, el TPI le ordenó a la Sucn. Mangual Colón expresar su posición con respecto a la solicitud del Lcdo. Kolthoff Benners; y dejó sin efecto el señalamiento del juicio.; Anejos de la *Apelación Civil*, pág. 51.
[23] Apéndice #6 del *Alegato en Oposición a la Apelación*, págs. 7 – 8.

Mediante *Orden* emitida el **22 de noviembre de 2019** y notificada el **3 de diciembre de 2019**, el TPI emitió un escueto... *"[C]on Lugar la solicitud presentada el 2 de octubre de 2019. Se señala CAJ para el 27 de febrero de 2020".*[24]

Trascurrido más de seis (6) meses, el **13 de julio de 2020** el Lcdo. Kolthoff Benners presentó —por segunda ocasión— ser relevado de la representación legal del señor Santana Reyes. Entre sus razones, señaló que había perdido nuevamente la comunicación con su cliente.[25] Señaló que la última dirección conocida del apelante era: *"Federal Correctional Ins. PO Box 725 Edgefield, S.C. 29824".*

El **10 de agosto de 2020**, el TPI relevó al Lcdo. Kolthoff Benners y ordenó al señor Santana Reyes a anunciar su nueva representación legal.[26]

Por otra parte y ante la inobservancia de la Sucn. Mangual Colón con las órdenes emitidas, el **23 de marzo de 2021** el TPI eliminó las alegaciones de su reconvención.[27]

No obstante, y a solicitud de la Sucn. Mangual Colón, el **19 de abril de 2021** el TPI reconsideró dicha determinación.[28] Por lo cual, señaló una videoconferencia para el **8 de julio de 2021** a los fines de que los apelados demostraran los daños alegados.[29]

Entre tanto, el **6 de julio de 2021** el *Lcdo. Ángel Rafael Camacho Suárez* ("Lcdo. Camacho Suárez") presentó una moción urgente asumiendo la representación legal del señor Santana Reyes. **En igual fecha**, dicha representación fue aceptada.

---

[24] Anejos de la *Apelación Civil*, págs. 52 – 53.
[25] Apéndice #10 del *Alegato en Oposición a la Apelación*, pág. 18.
[26] Notificada el 13 de agosto de 2020.; Apéndice #11 del *Alegato en Oposición a la Apelación*, pág. 19.
[27] Notificada el 5 de abril de 2021.; Apéndice #12 del *Alegato en Oposición a la Apelación*, pág. 21.
[28] Notificada el 20 de abril de 2021.
[29] Mediante *Orden* emitida el 24 de mayo de 2021 notificada el 25 de mayo de 2021.

Tras varios trámites procesales, el **13 de septiembre de 2021** el TPI determinó que el juicio en rebeldía sería celebrado el **27 de octubre de 2021**.[30] Antes de la celebración del juicio, la Sucn. Mangual Colón sometió los siguientes documentos con el fin de fundamentar su posición:

a. *Resolución de Declaratoria de Herederos. Exhibit 1.*
b. *Documento de Hacienda con fecha del 26 de marzo de 1986. Pago de Doña Carmen Mangual Colón. Exhibit 2.*
c. *Documento de ARPE con fecha de 30 de septiembre de 1987. Permiso para bebidas alcohólicas a doña Carmen Mangual como propietaria del negocio El Farol por 11 meses y 28 días que culminaban el 30 de septiembre de 1987 para probar su legalidad. Exhibit 3.*
d. *Documento de Hacienda con fecha de 10 de noviembre de 1989 sobre pago de arbitrios de Doña Carmen Mangual Colón. Exhibit 4.*
e. *Patente municipal del 30 de junio de 1990. Exhibit 5.*
f. *Documento de ARPE con fecha de 27 de octubre de 1995. Permiso para bebidas alcohólicas. Exhibit 6.*
g. *Documento del Dpto. de Hacienda, con fecha de 22 de julio de 1991. Pago de arbitrios por parte de Doña Carmen Mangual. Exhibit 7.*
h. *Patente Municipal con fecha de 30 de junio de 1992. Exhibit 8.*
i. *Patente Municipal con fecha de 30 de junio de 1993. Exhibit 9.*
j. *Contrato de Arrendamiento de Negocio en Marcha con fecha de 13 de septiembre de 1995. Es el contrato que típicamente otorgaban el demandante y la Sra. Carmen Mangual firmaron todos los años con un canon de arrendamiento de $1,200.00 mensuales anteriores. Exhibit 10.*
k. *Declaración Jurada del Sr. Luis Santana Reyes del 1 de noviembre de 2002. El demandante reconvenido alega que lleva 15 años como inquilino del negocio y que su plan es seguir 15 años adicionales. Exhibit 11.*
l. *Contrato de Arrendamiento de Local Comercial a 15 años con fecha de 27 de septiembre de 2006. Exhibit 12.*
m. *Contrato Privado de Compraventa de 2005. Este es el contrato que el demandante reconvenido alega que le da derechos de propietario sobre el negocio El Farol, localizado en la carretera #187 de Piñones, Loíza. Dicho negocio se dedica a la venta de frituras y bebidas alcohólicas; y productos relacionados. Exhibit 13.*
n. *Documento del CRIM con fecha de 01/07/2009 al 01/01/2010. Contribuciones pagadas por Doña Carmen Mangual Colón por el negocio El Farol en Loíza. Exhibit 14.*

---

[30] Notificada el 14 de septiembre de 2021.

> *o.* *Documento del CRIM con fecha de 01/07/2012 al 01/01/2013. Contribuciones de la propiedad pagadas por Doña Carmen Mangual Colón. Exhibit 15.*
> *p.* *Moción de Intervención del Demandante reconvenido Luis Santana Reyes en el caso KEF99-0585, en el Tribunal de Primera Instancia, Sala de San Juan, que se explica por sí sola. A esa fecha, 12 de febrero de 2016, habían $48,500.00 consignados para la sucesión Mangual Colón como parte del pago de expropiación de la Autoridad de Carreteras y Transportación. Exhibit 16. Esto es evidencia del daño causado por el reconvenido Santana Reyes porque el Tribunal detuvo el pago porque en vista el representante legal reclamó el pago para su cliente y dijo llevarían otro caso por incumplimiento de contrato, él cual radicaron el 28 de noviembre de 2016, casi 9 meses después de paralizar el pago de los $48,500.00 para la sucesión Mangual.*
> *q.* *Moción de Pago de Sentencia de la parte demandada reconviniente en el caso KEFY9-0585, en el Tribunal de Primera Instancia, Sala de San Juan. Exhibit 17. Fue declarado No ha Lugar por el Tribunal de SJ.*
> *r.* *Sentencia de ejecución de sentencia por impago de hipoteca en la propiedad residencial de la sucesión Carmen Mangual. Exhibit 18.*
> *s.* *Orden de Lanzamiento de parte de FirstBank of PR por ejecución de hipoteca. Fecha 15 de mayo de 2017. Evidencia del daño causado por el impago de la renta del negocio a la sucesión. Exhibit 19.*
> *t.* *Orden de Confirmación de Adjudicación o Venta Judicial de Propiedad residencial en Juana Díaz. Fecha: 25 de marzo de 2017. Exhibit 20.*[31]

El **27 de octubre de 2021**, fue celebrado el *Juicio en Rebeldía* mediante videoconferencia.[32] De conformidad con la *Minuta*, la Sucn. Mangual Colón compareció junto a su representación legal. No obstante, el señor Santana Reyes ni su abogado comparecieron a esta. Además, el TPI aclaró que la demanda había sido desestimada al momento en que el Lcdo. Camacho Suárez asumió su representación legal del apelante. Por lo que atendería en la vista la reconvención presentada por la Sucn. Mangual Colón. A esos fines, surge del récord que:

> *[E]l Tribunal hace constar que se presentó una demanda contra la sucesión, hubo varios incidentes procesales en las que se relevo al abogado de la parte demandante, por lo que se enviaron las notificaciones directamente a la parte, sin embargo, el licenciado Ángel Rafael Camacho Suárez se identificó como abogado de la parte demandante, pero ya se había desestimado el caso,*

---

[31] Anejos de la *Apelación Civil*, págs. 2 – 4.
[32] Anejos de la *Apelación Civil*, págs. 56 – 57.

*quedando viva la reconvención, al no tener respuesta del reconvenido, se anotó la rebeldía en cuanto a la reconvención. Explica que al anotar la rebeldía se dan por ciertas todas las alegaciones de la reconvención, por lo que se ordenó a la licenciada Rodríguez que presentara una declaración jurada con el propósito de no pasar la prueba ya alegada correctamente, se citó a las partes para la cuantificación de los daños. Juramenta a los comparecientes de la presente vista.*

*La licenciada Rodríguez presenta su prueba testifical compuesta por Santiago Rodríguez Mangual, Ángel Luis Rodríguez Mangual, Ramonita Rodríguez Mangual, Manuel Ramón Rodríguez Mangual. Quienes también contestaron preguntas del Tribunal. Solicita que se declare ha lugar la reconvención, que se le impongan el pago de los meses que lleva sin pagar el Sr. Luis M. Santana Reyes, los cuales ascienden a $128,400 tomando como base el mes de agosto de 2013. Añade que el Sr. Santana pagó desde 2005, mientras estuvo en vida la Sra. Mangual, nunca reclamó que fuera el dueño de la propiedad, además, de que obra como exhibit un contrato de arrendamiento del año 2006 que es posterior a la supuesta transacción, Menciona que una hija no puede ser testigo en una firma de contrato donde la persona tenía problemas de visión y no sabía leer. También solicita que se le impongan al Sr. Santana los gastos del velatorio de la Sra. Mangual que ascienden a $3,000, los honorarios de abogados y gastos por temeridad.*

*El Tribunal evaluará el testimonio de los testigos, además de toda la prueba documental que se presentó en el caso y el expediente, el cual ha tenido un trámite procesal un poco desafortunado. <u>Enfatiza que en este caso aún cuando compareció la parte demandante con un abogado, luego se relevo el abogado, pero se aceptó al licenciado Ángel Rafael Camacho Suárez, tanto el demandante como su abogado fueron notificados de la vista del día de hoy, sin embargo, no comparecieron ni se excusaron por ello, así quedará plasmado para efectos de la sentencia que se dictará próximamente.</u>* [...].[33]

Evaluado el asunto, el **1 de noviembre de 2021** el TPI dictó la *Sentencia* apelada,[34] y realizó las siguientes determinaciones de hechos:

### DETERMINACIONES DE HECHOS

1. *El reconvenido le había arrendado un negocio a la Sra. Carmen Mangual Colón. Doña Carmen Mangual Colón no vendió el negocio.*

2. *Doña Carmen fue a un notario para firmar unos documentos con el fin de que el Sr. Santana pudiera sacar las patentes del negocio.*

3. *La Sra. estaba enferma y parcialmente ciega por un padecimiento de diabetes.*

---

[33] Anejos de la *Apelación Civil*, págs. 56 – 57. Énfasis nuestro.

[34] Anejos de la *Apelación Civil*, págs. 1-15.
A pesar de que no surge de la *Minuta* de la vista de *Juicio en Rebeldía* del 27 de octubre de 2021, en la *Sentencia* del 1 de noviembre de 2021, el TPI señaló lo siguiente: *"[a] la vista compareció la Lcda. Magdalys Rodríguez Rivera como representante legal de la Sucesión. Así también compareció el Lcdo. Ángel Rafael Camacho Suárez como representante legal de la parte reconvenida. ... [L]a parte reconvenida no compareció a la videoconferencia señalada. Tampoco compareció su abogado. No ofrecieron excusas al Tribunal por su incomparecencia. Sin embargo, el Tribunal procedió a atender el juicio en su fondo en rebeldía".* Véase; Anejos de la *Apelación Civil*, págs. 4 y 56 – 57, respectivamente.

4. La testigo de las huellas dactilares en ese documento fue la hija de doña Carmen, doña Ramonita Rodríguez Mangual para la fecha de la firma de ese documento, estaba activa en el uso de drogas controladas. El negocio le fue arrendado por la cantidad de $1,200.00. mensuales.

5. El reconviniente no pagó las rentas por lo que el banco hipotecario presentó demanda de ejecución de hipoteca. En efecto ejecutó la propiedad.

6. Sin autorización el reconviniente subcontrató a otra persona de nombre Alberto, alias Tito.

7. Paralelamente a ello se presentó un recurso de expropiación.

8. En el proceso judicial sobre expropiación, los comparecientes le pidieron al demandante la prueba del pago del dinero y no la pudo presentar.

9. El reconviniente nunca pagó ningún dinero por compraventa alguna.

10. El demandante engañó a doña Carmen Mangual Colón. La llevó a su notario haciéndole creer que firmaría un documento para él poder hacer las gestiones administrativas del negocio en las agencias públicas, como lo era sacar las patentes, y lo que hizo fue un contrato de compraventa falso.

11. La testigo de doña Carmen Mangual Colón, quien no sabía firmar, en el documento que se alega fue un contrato de compraventa fue su hija, doña Ramonita Rodríguez Mangual. La ley notarial exige que los testigos no pueden ser parientes del otorgante.

12. El contrato entre las partes carece de juricidad pues faltó el "consentimiento" para perfeccionarse.

13. El demandante siguió pagándole la renta por un tiempo posterior a ese contrato; y el demandante no pudo presentar la evidencia del pago de los $80,000.00 a doña Carmen cuando los herederos le pidieron la prueba en el proceso judicial sobre expropiación del negocio.

14. El demandante engañó a doña Carmen Mangual Colón en relación con la supuesta compraventa haciéndole creer que estaba autorizándole a hacer gestiones administrativas para ella evitarse el viaje de Juana Díaz a Loíza, Rio Grande o San Juan.

15. Doña Carmen falleció el 25 de agosto de 2007.

16. Para la fecha de los actos fúnebres el reconviniente se comprometió con la Sucesión en pagar $3,000.00 para los gastos. Sin embargo, no lo hizo.

17. El demandante dejó de pagar la renta allá para agosto de 2013.

18. La deuda sigue incrementando en la medida que pase el tiempo y el negocio siga funcionando.

19. El negocio, al día de hoy sigue operando bajo el mismo nombre.

20. El demandante subarrendó el negocio a un tercero sin autorización de doña Carmen Mangual Colón ni sus herederos; permitiendo así que otro se lucrara del negocio sin pagarle rentas a la dueña o sus herederos.

21. Como consecuencia del incumplimiento de contrato de arrendamiento, doña Carmen Mangual Colón se vio

> *privada de su ingreso por rentas pasando privaciones, angustias, y necesidades básicas para subsistir.*
> 22. *La sucesión de doña Carmen Mangual Colón perdió la propiedad residencial que perteneció a doña Carmen Mangual Colón en una ejecución de hipoteca, el caso JCD2O14-0718 en el Tribunal de Primera Instancia, sala de Ponce, Puerto Rico.*
> 23. *Los miembros de la sucesión no aportaron prueba de los daños por angustias mentales percibidos por cada uno de ellos.*[35]

En consecuencia, el TPI concluyó que:

> *[E]n este asunto vimos un desafortunado trámite del caso en el cual la última alternativa fue la de anotar la rebeldía en cuanto a la Reconvención presentada. No solo eso, sino que la parte reconviniente no acudió a la celebración del juicio en su fondo en rebeldía. El trámite del caso obligó al Tribunal a que en varias ocasiones citara a las partes. La determinación de anotación de rebeldía nunca solicitó se levantara el mismo.*
>
> *En cuanto a las alegaciones contenidas en la demanda, el Tribunal citó el caso para asegurarse de que las alegaciones fueran bien alegadas. De un examen de los testimonios de algunos de los hijos de la parte reconviniente se demostró que el Sr. Santana se comprometió a pagar unos cánones de arrendamiento con la finada. Luego de la muerte de esta, el continuó haciendo pagos que al fin dejó de pagar en agosto de 2013 hasta el día de hoy. El impago provocó que ejecutaran la propiedad de la finada ya que había utilizado su residencia como garantía del préstamo hipotecario. Así también de la prueba desfilada y creída por este Tribunal, el Sr. Santana se comprometió con la sucesión a pagar los gastos funerarios de la finada ya que ellos no tenían ingresos para hacerlo y estaban entre ellos pendiente una relación de negocios. No nos convenció el testimonio de los demnadados-reconvinientes en torno a la cuantía de $3,000.00 por concepto de gastos funerarios.*
>
> *Por otro lado, se desprende del extenso trámite del caso que el Sr. Santana por conducto de sus abogados, abandonó su caso y luego presentaba alguna moción. El Tribunal aplicó las reglas de procedimiento civil. Levantó en una ocasión una sentencia; aplicó sanciones, desestimó la demanda y anotó surebeldía en la Reconvención. Luego entonces compareció con otro abogado y no levantó ningún tipo de moción. Tampoco compareció a los procedimientos de juicio. Es por ello por lo que procede la imposición de los honorarios de abogado por temeridad.*[36]

Así, condenó al señor Santana Reyes a pagar: **$128,000.00** por concepto de cánones de arrendamiento dejados de pagar a la sucesión; **$15,000.00** por concepto de honorarios de abogado por concepto de temeridad; y los intereses legales post-sentencia **a razón del 4.25%** sobre la totalidad de la sentencia, incluyendo sobre las costas y honorarios de abogado.

---

[35] Anejos de la *Apelación Civil*, págs. 5 – 6.
[36] Anejos de la *Apelación Civil*, págs. 13 – 14.

Referente a la notificación, la Secretaría del TPI expidió una notificación de dicha sentencia la cual fue notificada únicamente a la Lcda. Rodríguez Rivera. Ante ello, el **16 de noviembre de 2021**, la Secretaría emitió una *Notificación Enmendada*.[37]

El **23 de marzo de 2022**, el Lcdo. Kolthoff Benners presentó por tercera ocasión una *Moción Asumiendo Representación Legal y Solicitando se Deje sin Efecto Sentencia Dictada*.[38] En resumen, adujo que pudo comunicarse con el señor Santana Reyes y constató que el Lcdo. Camacho Suárez falleció el **15 de septiembre de 2021**.[39] Arguyó que la *Sentencia* del 1 de noviembre de 2021 era nula por no haber sido notificada conforme a derecho, por lo que solicitó que se dejara sin efecto.

Mediante *Orden* emitida el **4 de abril de 2022** y notificada el **5 de abril de 2022**, el TPI le concedió un término a la Sucn. Mangual Colón para que se expresaran.[40]

En cumplimiento con lo antes ordenado, el **28 de abril de 2022** la Sucn. Mangual Colón presentó su oposición a la solicitud de relevo de sentencia. En síntesis, arguyeron que el TPI no podía pasar por alto la inacción e incumplimiento reiterado del señor Santana Reyes.

Examinada la posición de ambas partes, el **2 de mayo de 2022** el TPI declaró *"No Ha Lugar"* la solicitud de relevo de sentencia.[41]

Inconforme, el **3 de junio de 2022** el señor Santana Reyes acudió ante nos mediante: *Escrito de Apelación*.[42] Evaluado el asunto, el **27 de junio de 2022** este Tribunal de Apelaciones

---

[37] *Surge de la nota de la Secretaría que la notificación se enmendó a fin de incluir al Lcdo. Camacho Suárez. Sin embargo, la notificación se efectuó al Sr. Santana Reyes a la dirección siguiente: "Urb. los Ángeles #10 Calle Estrella del Norte, Carolina, PR 00979".*

[38] Anejos de la *Apelación Civil*, págs. 58 – 64.

[39] Anejos de la *Apelación Civil*, pág. 65.

[40] Anejos de la *Apelación Civil*, pág. 66.

[41] Notificada el 4 de mayo de 2022.; Anejos de la *Apelación Civil*, pág. 67.

[42] Anejos de la *Apelación Civil*, págs. 68 – 83.

desestimó el recurso instado,[43] ante la falta de notificación de la sentencia conforme a derecho.[44] En lo pertinente, determinamos lo siguiente:

> *Como cuestión umbral, nos corresponde determinar si tenemos jurisdicción para atender el presente recurso de certiorari.*
>
> [...]
>
> *Analizado el expediente del presente caso, concluimos que el Sr. Santana Reyes, a quien se le anotó la rebeldía, ha comparecido para efectos de la Regla 65.3 de las de Procedimiento Civil [...].*
>
> *Habiendo el Lcdo. Camacho Suárez, abogado del Sr. Santana Reyes para ese entonces, fallecido antes de la fecha en que se efectuó la notificación de la Sentencia del 1 de noviembre de 2021, procedía que la Secretaría notificara la sentencia al Sr. Santana Reyes a la última dirección consignada en el expediente.*
>
> *Examinado el expediente del caso, encontramos que, el 2 de octubre de 2019, el Lcdo. Kolthoff Benners presentó Moción Asumiendo Representación Legal y Solicitando se Deje sin Efecto Sentencia Dictada acompañada de una declaración jurada suscrita por el Sr. Santana Reyes el 11 de septiembre de 2019. En esta última, el Sr. Santana Reyes informó, entre otras cosas, que se encontraba recluido en una institución corrección en Estados Unidos y que su dirección era "P.O. Box 3000 Whited Deer, PA 17887." Esta es su última dirección conocida consignada en el expediente ante nuestra consideración. Sin embargo, el Sr. Santana Reyes fue notificado del dictamen en cuestión a la dirección siguiente: "Urb. los Ángeles #10 Calle Estrella del Norte, Carolina, PR 00979". <u>Por lo tanto, concluimos que le asiste la razón al Lcdo. Kolthoff Benners en cuanto a que la Sentencia del 1 de noviembre de 2021 no se notificó conforme a derecho.</u>*
>
> *No habiéndose notificado adecuadamente, determinamos que la sentencia no surtió efecto y los términos para ir en alzada no comenzaron a decursar. [...] Siendo esto así, la presentación del presente recurso de certiorari resulta prematura. Este defecto grave e insubsanable nos priva de jurisdicción, por lo que nos vemos impedidos de atender el recurso y, por consiguiente, los demás errores señalados en este. [...] Ahora bien, una vez la sentencia en cuestión sea notificada adecuadamente, las partes podrán acudir en alzada, de así interesarlo.*
>
> *Finalmente, en cuanto a la alegación de que el señalamiento del juicio no se notificó conforme a derecho, concluimos que no le asiste la razón al Lcdo. Kolthoff Benners. Dicho letrado admitió en el recurso de certiorari que la notificación del señalamiento del juicio fue efectuada al Lcdo. Camacho Suárez, quien ostentaba la representación legal del Sr. Santana Reyes para ese entonces. <u>Por lo tanto, a la luz de lo dispuesto en la Regla 65.3 [...], determinamos que el señalamiento del juicio sí se notificó conforme a derecho, pues se notificó a la dirección del abogado del Sr. Santana Reyes. Ello es así, a pesar de que lamentablemente dicho letrado falleció al día siguiente.</u>*
>
> *Por lo cual, este Foro apelativo desestimó el recurso instado por falta de jurisdicción ante la presentación prematura del recurso.[45]*

---

[43] Notificada el 28 de junio de 2022.

[44] *Véase*; *Sentencia* emitida el 27 de junio de 2022 en el caso *KLCE20220611*. Anejos de la *Apelación Civil*, págs. 84 – 100.

[45] *Íd.* Énfasis nuestro.

El **27 de junio de 2023**, la Sucn. Mangual Colón presentó una moción solicitando al TPI que notificara la *Sentencia* emitida el 1 de noviembre de 2021 al Lcdo. Kolthoff Benners y al señor Santana Reyes a su dirección institucional.

Ante ello, el **12 de julio de 2023** y notificada el **19 de julio de 2023** el TPI le concedió veinte (20) días al señor Santana Reyes para que expresara su posición.[46]

El **31 de octubre de 2023** la Sucn. Mangual Colón presentó una *MOCION EN SOLICITUD DE REMEDIO Y ORDEN AL AMPARO DE LA REGLA 56.1 AL 56.3 DE LAS DE PROCEDIMIENTO CIVIL* [sic]. En resumen, alegaron que el negocio perteneciente a la sucesión por herencia se encontraba en operación, arrendado y siendo disfrutado por el señor Santana Reyes. Por lo que, solicitaron que se emitiera una orden al amparo de las reglas de aseguramiento de sentencia, y, por consiguiente, se ordenara la consignación de las rentas del negocio en el TPI.

El **3 de noviembre de 2023**, el señor Santana Reyes por conducto del Lcdo. Kolthoff Benners replicó la solicitud de remedio de la Sucn. Mangual Colón. En síntesis, alegó que las reglas esbozadas por la parte contraria no eran de aplicación en el presente caso. Además, señaló que el TPI no actuó conforme al mandato del Tribunal Apelativo.

Mediante orden emitida el **8 de noviembre de 2023**,[47] el TPI ordenó a Secretaría a notificar la sentencia al señor Santana Reyes a la dirección: *"PO BOX 3000, White Deer, PA 17887"*. También, ordenó a que se les notificara a los abogados de récord.

El **14 de noviembre de 2023**, se emitió una *Notificación Enmendada*, cuya *Nota de la Secretaría* esboza: *"Se enmienda a los*

---

[46] Emitida.
[47] Notificada el 14 de noviembre de 2023.

*fines de notificarle a la parte demandante según orden dictada el 8 de noviembre de 2023".*

El **30 de noviembre de 2023**, la Sucn. Mangual Colón sometió una moción para que se publicara la sentencia por edicto.[48] Adujeron que el señor Santana Reyes fue deportado a República Dominicana al cumplir su sentencia. Además, solicitaron que se consignara en el TPI las rentas que estaba cobrando por el negocio.

El **21 de diciembre de 2023**, el señor Santana Reyes por conducto del Lcdo. Kolthoff Benners se allanó a la publicación por edicto e informó la dirección del apelante. No obstante, se opuso a la consignación de rentas.

El **10 de enero de 2024**,[49] el TPI ordenó la notificación de la sentencia por edicto a la dirección del señor Santana Reyes a la República Dominicana. Además, ordenó la consignación de las rentas en el tribunal. En **igual fecha** emitió una *Notificación Enmendada* con el fin de incluir al apelante en la notificación.

A solicitud de la Sucn. Mangual Colón, el TPI ordenó que se expidiera nuevamente la notificación de sentencia por edicto el **6 de febrero de 2024**.[50]

Por su parte, el señor Santana Reyes sometió el **15 de marzo de 2024** una moción señalando, entre otros asuntos, que la Sucn. Mangual Colón incumplió con la notificación de la sentencia y las notificaciones de las mociones presentadas al tribunal.

El **2 de abril de 2024**,[51] el TPI ordenó a la Sucn. Mangual Colón acreditar el cumplimiento de la Regla 67.1 de las Reglas de Procedimiento Civil.

En cumplimiento de orden, el **5 de abril de 2024** la Sucn. Mangual Colón señaló que notificó el dictamen del 1 de noviembre

---

[48] Anejos de la *Apelación Civil*, págs. 102 – 103.
[49] Notificada el 11 de enero de 2024.
[50] Notificada el 7 de febrero de 2024.
[51] Notificada el 3 de abril de 2024.

de 2021 al señor Santana Reyes por conducto del Lcdo. Kolthoff Benners, a su dirección en República Dominicana. Señaló, además, que el edicto se publicó el **14 de febrero de 2024** en el periódico *El Vocero de Puerto Rico*. También, el **7 de febrero de 2024** se le envió por correo postal a República Dominicana; sin embargo, por un error clerical no se le envió al abogado la publicación del edicto. Por lo cual, el TPI ordenó que se subsanara el error clerical aceptado, y ordenó que se notificara nuevamente.[52]

Ante ello, el **25 de abril de 2024** el señor Santana Reyes sometió una *Moción en Oposición*. No obstante, el **1 mayo de 2024**,[53] el TPI ordenó que se le notificara nuevamente de forma correcta.

Ante una solicitud de ordenes presentada por la Sucn. Mangual Colón,[54] el **21 de agosto de 2024**,[55] el TPI ordenó a la Secretaría que notificara el dictamen nuevamente a la dirección del señor Santana Reyes y del Lcdo. Kolthoff Benners.[56] Además, le impuso una fianza de no residente al apelante por la cuantía de $1,000.00.

En virtud de ello, el **23 de agosto de 2024** se emitió una *Notificación Enmendada* con el fin de notificarle al señor Santana Reyes según lo ordenado el 21 de agosto de 2024. **En igual fecha**, se emitió la *Notificación de Sentencia por Edicto*.[57]

El **2 de septiembre de 2024**, el edicto fue publicado en el periódico *El Vocero de Puerto Rico*.[58]

---

[52] Emitida el 17 de abril de 2024 y notificada el 18 de abril de 2024.

[53] Notificada el 2 de mayo de 2024.

[54] Anejos de la *Apelación Civil*, págs. 104 – 107.

[55] Notificada el 23 de agosto de 2024.; Anejos de la *Apelación Civil*, págs. 109.

[56] Emitida el 21 de agosto de 2024 y notificada el 23 de agosto de 2024.; Anejos de la *Apelación Civil*, págs. 109.

[57] Anejos de la *Apelación Civil*, págs. 16.

[58] Anejos de la *Apelación Civil*, págs. 19.; Del *Alegato en Oposición a la Apelación* presentado por la Sucn. Mangual Colón y el expediente del TPI surge que la Sucn. Mangual Colón sometió una moción informativa el **2 enero de 2025**. Entre otras cosas, señaló que el **2 de septiembre de 2024** se publicó el Edicto en el periódico el Vocero; y que el 7 de septiembre se les notificó por correo postal al apelante y al Lcdo. Kolthoff Benners. Al apelante se le notificó a su dirección en República Dominicana mediante *"PS Form 3806, Registered Mail Receipt"* con el número de rastreo: *RF367031983US*. Por su parte, al Lcdo. Kolthoff Benners se le notificó mediante correo postal certificado con el número de rastreo:

Ponchada el **4 de septiembre de 2024**,[59] el señor Santana Reyes alegó que la sentencia fue notificada de forma incompleta, por lo cual solicitó que se notificara de forma correcta con todas sus páginas. Sin embargo, el TPI declaró *"No Ha Lugar"* la solicitud e indicó que la sentencia había sido notificada correctamente por la Secretaría del tribunal.[60]

Inconforme, el **20 de septiembre de 2024** el señor Santana Reyes presentó el recurso de apelación epígrafe ante este Tribunal. Señaló la comisión de los siguientes errores:

> *ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR NOTIFICACION DE SENTENCIA POR EDICTO AL APELANTE P/C DE LCDO. ERICK E. KOLTHOFF BENNERS A LA DIRECCION CALLE FRANCISCO DEL ROSARIO SANCHEZ #51 SAMANA REPUBLICA DOMINICANA CUANDO ESA NO ES LA DIRECCION DEL LCDO. ERICK E. KOLTHOFF BENNERS ADEMAS DE LOS INCUMPLIMIENTOS EN LA NOTIFICACION DE LA PUBLICACION DEL EDICTO POR LA PARTE DEMANDADA-RECONVENIENTE.* [sic]
>
> *ERRO EL HONORABLE TRIBUNAL AL ANOTARLE LA REBELDIA AL DEMANDANTE SIN AGOTAR REMEDIOS Y AL NO CITAR PARA JUICIO EN SU FONDO LA DEMANDA RADICADA POR EL DEMANDANTE.* [sic]
>
> *ERRO EL HONORABLE TRIBUNAL AL CELEBRAR JUICIO EN SU FONDO CUANDO EXISTIA JUSTA CAUSA PARA LA INCOMPARECENCIA DEL DEMANDADO Y SU ABOGADO POR FALTA DE DILIGENCIAMIENTO EFICAZ EN LA NOTIFICACION DEL SEÑALAMIENTO E IMPONER HONORARIOS POR TEMERIDAD AL SEÑOR SANTANA.* [sic]

Tras varios trámites procesales,[61] la Sucn. Mangual Colón presentó el **7 de enero de 2024** su *ALEGATO EN OPOSICIÓN A LA APELACIÓN*. Por lo que habiendo comparecido las partes, dimos por sometido el asunto para la consideración del Panel Especial.

**-II-**

**-A-**

El Tribunal Supremo de P.R. ha sido claro en que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de

---

*9589071052702128780199.*; Apéndices #18, 19 & 20 del *Alegato en Oposición a la Apelación*, págs. 33, 34, 35 – 44, respectivamente.

[59] Aunque la moción tiene fecha del 3 de agosto de 2024, el poche de Secretaría tiene fecha del 4 de septiembre de 2024.

[60] Emitida y notificada el 5 de septiembre de 2024.

[61] Apéndice #20 del *Alegato en Oposición a la Apelación*, págs. 35 – 44.

pasión, prejuicio, parcialidad o error manifiesto.[62] La citada norma de deferencia también es aplicable a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Alto Foro Judicial ha expresado lo siguiente:

> *[N]o hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[63]*

Lo importante al momento de ejercer la función revisora es determinar cuándo un tribunal ha abusado de su discreción, ello, no constituye una tarea fácil.[64] Por lo tanto, para realizarla adecuadamente nuestro Alto Foro indica expresamente que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad.[65]

**-B-**

Las Reglas de Procedimiento Civil establecen como se deben notificar las órdenes, resoluciones y sentencias.[66] Específicamente, la Regla 65.3 de Procedimiento Civil en sus incisos (a) y (b) dispone la forma en que el Secretario del Tribunal notificará una orden, resolución o sentencia a las partes comparecientes en un pleito:

> *(a) Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una orden, resolución o sentencia, el Secretario o la Secretaria notificará tal archivo en la misma fecha a <u>todas</u> las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales estas reglas requieran una notificación del archivo en autos de una orden, resolución o sentencia.*
> *(b) El Secretario o Secretaria notificará a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9 de este apéndice, toda orden, resolución o sentencia que de acuerdo con sus términos deba notificarse a las partes que hayan comparecido en el pleito.[67]*

---

[62] *Coop. Seguros Múltiples de PR v. Lugo*, 136 DPR 203, 208 (1994).
[63] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[64] *Íd.*
[65] *Íd.*
[66] Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V.
[67] 32 LPRA Ap. V., R. 65.3 (a)(b).

Los incisos (a) y (b) de la Regla 65.3 antes citada, está diseñada para las partes que comparecen en el pleito. Ahora, la Regla 65.3 (c) de Procedimiento Civil,[68] distingue el caso de partes en rebeldía cuando hayan comparecido en autos o cuando nunca hayan comparecido. Veamos el primer caso:

> (c) **En el caso de partes en rebeldía que hayan comparecido en autos**, _el Secretario o Secretaria le notificará toda_ **orden**, **resolución** o **sentencia** _a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9._ [...].[69]

Nótese, que lo antes dicho está pensado para un caso en que cualesquiera de las partes en rebeldía haya comparecido en autos. Lo cual, obliga al Secretario del Tribunal a notificar **_toda orden, resolución o sentencia_** _a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones_.

**-C-**

La rebeldía es aquella posición procesal en donde se coloca a la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal.[70] La Regla 45 de Procedimiento Civil regula lo relativo a la anotación de rebeldía.[71] Al respecto, la Regla 45.1 de Procedimiento Civil dispone que:

> _Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía._
>
> _El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3)._
>
> _Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b)._

---

[68] 32 LPRA Ap. V., R. 65.3 (c).
[69] _Id. Énfasis nuestro._
[70] _Rivera Figueroa v. Joe's European Shop_, 183 DPR 580, 587 (2011), citando a R. Hernández Colón, Derecho Procesal Civil, 5a ed., San Juan, Ed. LexisNexis, 2010, pág. 287.
[71] Regla 45 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 45. _Rivera Figueroa v. Joe's European Shop, supra,_ pág. 587.

*La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.*[72]

De lo anterior se desprende que la incomparecencia de una parte demandada —*o en este caso el reconviniente*— conlleva que se den por admitidas las alegaciones de la demanda y no implica la paralización de los procedimientos.[73] Es decir, la citada regla:

*[p]rovee un remedio para las situaciones en las cuales el demandado no comparece a contestar la demanda o no se defiende de ninguna otra forma, por lo que no presenta alegación o defensa alguna contra las alegaciones y el remedio solicitado.*[74]

Referente a la sentencia en rebeldía dictada por el Tribunal, la Regla 45.2 inciso (b) dispone que:

*En todos los demás casos, la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra una persona menor o una persona incapacitada a menos que estén representadas por el padre, la madre, el tutor o la tutora, el defensor o la defensora judicial u otro u otra representante que haya comparecido en el pleito. Si para que el tribunal pueda dictar sentencia o para ejecutarla se hace necesario fijar el estado de una cuenta, determinar el importe de los daños, comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas o encomendar la cuestión a un comisionado o una comisionada. Cuando la parte contra la cual se solicita una sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.*[75]

Ello quiere decir que, el Tribunal puede dictar una sentencia en rebeldía exceptuando aquellas instancias establecidas. Además, en casos donde se deba evaluar prueba o hacer alguna investigación, el Foro deberá celebrar las vistas que crea necesarias y adecuadas. Dichas vistas en rebeldía deben ser notificadas a la parte que compareció, y dejó de defenderse.

**-D-**

El inciso (d) de la Regla 44.1 de Procedimiento Civil, provee para la concesión de honorarios de abogado.[76]

En lo pertinente, dicha disposición estatuye que:

---

[72] 32 LPRA Ap. V, R. 45.1.
[73] *Rivera Figueroa v. Joe's European Shop, supra,* págs. 587-588.; *Álamo v. Supermercado Grande Inc.*, 158 DPR 93, 101 (2002).
[74] *Rivera Figueroa v. Joe's European Shop, supra,* pág. 589.
[75] 32 LPRA Ap. V, R. 45.2.
[76] Regla 44.1 de Procedimiento Civil 2009, 32 LPRA Ap. V, R. 44.1.

> *En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.* [...].[77]

Los honorarios por temeridad se imponen como *"[p]enalidad a un litigante perdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajos e inconveniencias de un pleito"*.[78] Por ello, los honorarios por temeridad buscan *"[d]isuadir la litigación innecesaria y alentar las transacciones, mediante la imposición de sanciones a la parte temeraria, que compensen los perjuicios económicos y las molestias sufridas por la otra parte"*.[79]

El Tribunal Supremo de P.R. ha dispuesto que *"[l]a temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia"*.[80] Al determinar si se ha obrado o no temerariamente, se considera *"la claridad del derecho aplicable y de los hechos demostrablemente ciertos"*.[81] Adviértase que la imposición de honorarios por temeridad descansa en la sana discreción de los tribunales.[82] Por tanto, una vez un tribunal de primera instancia determina que hubo temeridad, la imposición de honorarios es mandatoria.[83]

Así pues, se ha resuelto que la imposición de honorarios por temeridad, así como la cuantía, son asuntos discrecionales del Tribunal de Primera Instancia, que deberá guiarse por los siguientes factores: *"(1) el grado de temeridad; (2) el trabajo realizado; (3) la duración y naturaleza del litigio; (4) la cuantía involucrada; (5) y el*

---

[77] 32 LPRA Ap. V, R. 44.1(d).
[78] *Andamios de PR v. Newport Bonding,* 179 DPR 503, 520 (2010).
[79] *Torres Ortiz v. ELA,* 136 DPR 556, 565 (1994).
[80] *Jarra Corp. v. Axxis Corp.,* 155 DPR 764, 779 (2001).
[81] R. Hernández Colón, *Práctica Jurídica de Puerto Rico – Derecho Procesal Civil,* 5ª ed., LexisNexis, 2010, pág. 391.
[82] *Meléndez Vega v. El Vocero de PR,* 189 DPR 123, 211 – 212 (2013).
[83] *Íd.*

*nivel profesional de los abogados".*[84] Al hacer tal determinación, el foro sentenciador puede declarar expresamente que la parte perdidosa fue temeraria e imponerle la cuantía de honorarios de abogado que entienda procedente o simplemente puede imponérselos en la parte dispositiva del dictamen, lo que implica que entendió que fue temeraria en la litigación.[85]

En fin, la imposición de honorarios de abogado por temeridad es una facultad discrecional del tribunal que no será variada a menos que la misma constituya un abuso de discreción, o cuando la cuantía sea excesiva o exigua.[86]

**-III-**

El señor Santana Reyes nos plantea la comisión de tres (3) errores, sin embargo, somos del criterio que ninguno fue cometido. *Veamos.*

Como **primer error**, el señor Santana Reyes señala que el TPI incidió al emitir la notificación de sentencia por edicto al apelante por conducto del Lcdo. Erick E. Kolthoff Benners a la dirección *Calle Francisco Del Rosario Sánchez #51 Samaná República Dominicana*, cuando esa no es la dirección del Lcdo. Kolthoff Benners.

Surge de los autos originales que el TPI emitió una *Orden* el 21 de agosto de 2024, en la cual expresó, en lo pertinente, que: *"[E]ste Tribunal ordenó a Secretaría notificar nuevamente la Sentencia desde el 17 de abril de 2024. Se ordena se notifique nuevamente a la dirección del demandante y del Lcdo. Kolthoff. […]".*[87] Dicha notificación fue dirigida a:

> *A: LIC. KOLTHOFF BENNERS, ERICK E.*
> *ee.kolthoffegmail.com*
> *LIC. RODRÍGUEZ RIVERA, MAGDALYS*
> *magdalysrodriguezegmail.com, oficinalegalmrregmail.com*

---

[84] *COPR v. SPU*, 181 DPR 299, 342-343 (2011), citando a Hernández Colón, *op. cit.*, pág. 391.
[85] *Rivera v. Tiendas Pitusa, Inc.*, 148 DPR 695, 702 (1999), citando a *Montañez Cruz v. Metropolitana Cons. Corp.*, 87 DPR 38 (1962).
[86] *Monteagudo Pérez v. ELA*, 172 DPR 12, 31 (2007).
[87] Ello surge de los autos originales del caso de epígrafe *FCCI201600505*, los cuales fueron elevados a este Foro Apelativo.

Dicha notificación fue enmendada a los fines de notificarle al señor Santana Reyes según la orden dictada el 21 de agosto de 2024.

En lo pertinente, la *Notificación Enmendada* precisaba lo siguiente:

*NOTIFICACIÓN ENMENDADA*

*A: LIC. KOLTHOFF BENNERS, ERICK E.*
*ee.kolthoffegmail.com*
*LIC. RODRÍGUEZ RIVERA, MAGDALYS*
*magdalysrodriguezegmall.com,*
*oficinalegalmrregmail.com*
*SANTANA REYES, LUIS M*
*CALLE FRANCISCO DEL ROSARIO SANCHEZ #51*
*SAMANÁ REPÚBLICA DOMINICANA*

*EL[LA] SECRETARIO[A] QUE SUSCRIBE CERTIFICA Y NOTIFICA A USTED QUE CON RELACIÓN AL [A LA]: CASO DE EPÍGRAFE ESTE TRIBUNAL EMITIÓ UNA SENTENCIA EL 01 DE NOVIEMBRE DE 2021.*

*SE ANEJA COPIA O INCLUYE ENLACE:*
*FDO. NEREIDA FELICIANO RAMOS*
*JUEZ*

*SE LE ADVIERTE QUE AL SER UNA PARTE O SU REPRESENTANTE LEGAL EN EL CASO SUJETO A ESTA SENTENCIA, USTED PUEDE PRESENTAR UN RECURSO DE APELACIÓN, REVISIÓN O CERTIORARI, DE CONFORMIDAD CON EL PROCEDIMIENTO Y EN EL TÉRMINO ESTABLECIDO POR LEY, REGLA O REGLAMENTO. CERTIFICO QUE LA DETERMINACIÓN EMITIDA POR EL TRIBUNAL FUE DEBIDAMENTE REGISTRADA Y ARCHIVADA HOY 23 DE AGOSTO DE 2024, Y QUE SE ENVIÓ COPIA DE ESTA NOTIFICACIÓN A LAS PERSONAS ANTES INDICADAS, A SUS DIRECCIONES REGISTRADAS EN EL CASO, CONFORME A LA NORMATIVA APLICABLE. EN ESTA MISMA FECHA FUE ARCHIVADA EN AUTOS COPIA DE ESTA NOTIFICACIÓN.*

*NOTA DE LA SECRETARÍA:*
*SE ENMIENDA A LOS FINES DE NOTIFICARLE A LA PARTE DEMANDANTE SEGÚN ORDEN DICTADA EL 21 DE AGOSTO DE 2024.*[88]

Luego, el **23 de agosto de 2024** fue emitida una *Notificación de Sentencia por Edicto*.[89] Dicha notificación esbozaba lo siguiente:

**LUIS SANTANA REYES, P/C LCDO. ERICK E. KOLTHOFF BENNERS A SU DIRECCIÓN CALLE FRANCISCO DEL ROSARIO SÁNCHEZ, #51 SAMANÁ**
**REPUBLICA DOMINICANA**

*NOTIFICACIÓN DE SENTENCIA POR EDICTO*
*EL SECRETARIO(A) QUE SUSCRIBE LE NOTIFICA A USTED QUE EL 01 DE NOVIEMBRE DE 2021, ESTE TRIBUNAL HA DICTADO SENTENCIA, SENTENCIA PARCIAL O RESOLUCIÓN EN ESTE CASO, QUE HA SIDO DEBIDAMENTE REGISTRADA Y ARCHIVADA EN AUTOS DONDE PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.*

*ESTA NOTIFICACIÓN SE PUBLICARÁ UNA SOLA VEZ EN UN PERIÓDICO DE CIRCULACIÓN GENERAL EN LA ISLA DE PUERTO RICO, DENTRO DE LOS 10 DIAS SIGUIENTES A SU NOTIFICACIÓN.*

---

[88] Ello surge de los autos originales del caso de epígrafe *FCCI201600505*, los cuales fueron elevados a este Foro Apelativo.
[89] Ello surge de los autos originales del caso de epígrafe *FCCI201600505*, los cuales fueron elevados a este Foro Apelativo.

> *Y, SIENDO O REPRESENTANDO USTED UNA PARTE EN EL PROCEDIMIENTO SUJETA A LOS TÉRMINOS DE LA SENTENCIA, SENTENCIA PARCIAL O RESOLUCIÓN, DE LA CUAL PUEDE ESTABLECERSE RECURSO DE REVISIÓN O APELACIÓN DENTRO DEL TÉRMINO DE 30 DIAS CONTADOS A PARTIR DE LA PUBLICACIÓN POR EDICTO DE ESTA NOTIFICACIÓN, DIRIJO A USTED ESTA NOTIFICACIÓN QUE SE CONSIDERARÁ HECHA EN LA FECHA DE LA PUBLICACIÓN DE ESTE EDICTO.*
>
> *COPIA DE ESTA NOTIFICACIÓN HA SIDO ARCHIVADA EN LOS AUTOS DE ESTE CASO, CON FECHA DE 23 DE AGOSTO DE 2024.*
>
> **LIC. KOLTHOFF BENNERS, ERICK E.**
> **ee.kolthoffegmail.com**
>
> *LIC. RODRÍGUEZ RIVERA, MAGDALYS*
> *magdalysrodriguezegmall.com, oficinalegalmrregmail.com*
>
> *EN CAROLINA, PUERTO RICO, EL 23 DE AGOSTO DE 2024.*[90]

El señor Santana Reyes señala que la dirección en la *NOTIFICACIÓN DE SENTENCIA POR EDICTO* estaba incorrecta, dado que la dirección del Lcdo. Kolthoff Benners no se remite a República Dominicana. Sin embargo, el apelante no menciona que dicha notificación contenía los correos electrónicos de los abogados de récord, incluyendo *ee.kolthoffegmail.com* que correspondía al Lcdo. Kolthoff Benners. Al evaluar la notificación, notamos que la misma fue correcta, pues incluyó al señor Santana Reyes a su dirección en República Dominicana y el correo electrónico de los abogados de las partes.

Cabe resaltar que, la *Notificación Enmendada* emitida por el TPI el 21 de agosto de 2024, fue enmendada a los efectos de incluir al señor Santana Reyes en la notificación de la *Sentencia* emitida. Por lo que el TPI actuó conforme a derecho, ya que notificó el dictamen tanto al apelante —*a su dirección en República Dominicana*— como a los correos electrónicos de los abogados de récord.

Como **segundo error**, el señor Santana Reyes aduce que el TPI incidió al anotarle la rebeldía sin agotar remedios y no citar para juicio en su fondo la demanda radicada.

---

[90] Ello surge de los autos originales del caso de epígrafe *FCCI201600505*, los cuales fueron elevados a este Foro Apelativo.

Del expediente surge que el 8 de enero de 2018, el señor Santana Reyes contestó la reconvención. Sin embargo, el 28 de noviembre de 2018, el Lcdo. Kolthoff Benners informó que había perdido comunicación con este. Pese a que el TPI le había concedido al abogado un término para informar el resultado de sus gestiones, este no lo cumplió con lo ordenado. Por lo que el 3 de abril de 2019, la Sucn. Mangual Colón solicitó la anotación de rebeldía. Ante tal solicitud, el TPI procedió a anotarle la rebeldía al apelante.

Es decir, el TPI le anotó la rebeldía al señor Santana Reyes, pues este dejó de comparecer para defenderse luego de que contestó la reconvención, e incumplió con las órdenes del Tribunal. Por lo cual, el TPI actuó correctamente al anotarle la rebeldía.

Referente al asunto de que el TPI no citó para juicio la demanda presentada, surge de los autos que el **22 de julio de 2019** se dictó *Sentencia Parcial*.[91] Allí, se desestimó la demanda instada al amparo de la Regla 39.2(b) de Procedimiento Civil,[92] ya que no se había efectuado trámite alguno por el señor Santana Reyes durante los últimos seis (6) meses. Aunque el TPI emitió un escueto *con lugar* a la solicitud del 2 de octubre de 2019, aclaró para récord que al momento en que el Lcdo. Camacho Suárez asumió la representación legal del apelante, la demanda había sido desestimada. Por lo que, el dictamen parcial es final y firme.

**Por último**, el señor Santana Reyes aduce que el TPI se equivocó al celebrar juicio en su fondo cuando existía justa causa para su incomparecencia y la de su representante legal por falta de diligenciamiento eficaz en la notificación del señalamiento.

Cabe señalar que, mediante *Sentencia* emitida el 27 de junio de 2022, este Foro Apelativo concluyó que el señor Santana Reyes había comparecido para efectos de la Regla 65.3 de las de

---

[91] Notificada el 25 de julio de 2019.
[92] Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(b).

Procedimiento Civil.[93] Además, determinó que *"[e]l señalamiento del juicio sí se notificó conforme a derecho, pues se notificó a la dirección del abogado del Sr. Santana Reyes. Ello es así, a pesar de que lamentablemente dicho letrado falleció al día siguiente"*.[94] Por lo que el asunto de la notificación ya había sido atendido y resuelto.

Ahora bien, el señor Santana Reyes cuestiona la imposición de honorarios por temeridad. Debemos recordar que ello descansa en la sana discreción del TPI. Ciertamente, el hecho de que una persona esté recluida en una institución penal puede ser justa causa para su incomparecencia; sin embargo, la dilación en este caso fue producto de la dejadez del apelante, que conociendo la dirección de sus abogados no se comunicaba con estos, aunque fuera trasladado a otras instituciones penales. Por lo cual, corresponde la imposición de honorarios por temeridad.

Ante la notificación adecuada de la Sentencia apelada tanto al señor Santana Reyes como a su representante legal, por lo que corresponde que confirmemos la *Sentencia* emitida el 1 de noviembre de 2021 y notificada el 23 de agosto de 2024.

### -IV-

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia* apelada. Se ordena a la Secretaría del Tribunal de Apelaciones a notificar esta *Sentencia* a los abogados de récord y al *Sr. Luis Santana Reyes* a la siguiente dirección: *CALLE FRANCISCO DEL ROSARIO SANCHEZ, #51 SAMANÁ REPÚBLICA DOMINICANA.*

Lo acordó y manda el Tribunal y lo certifica la secretaria. La Jueza Cintrón Cintrón disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[93] 32 LPRA Ap., V, R. 65.3.; *Véase*; *Sentencia* emitida el 27 de junio de 2022 en el caso *KLCE20220611*. Anejos de la *Apelación Civil*, págs. 84 – 100.
[94] *Véase*; *Sentencia* emitida el 27 de junio de 2022 en el caso *KLCE20220611*. Anejos de la *Apelación Civil*, pág. 99.